1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VIRGIL DOUGLAS RANDALL,                    No.  2:17-cv-0929 CKD P

12              Plaintiff,

13         v.                                    ORDER

14    SACRAMENTO STATE PRISON,
      FOLSOM,
15
                 Defendant.
16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1) and plaintiff has consented to have all matters in this action before a United States

20    Magistrate Judge.  See 28 U.S.C. § 636(c).

21         Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

22    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28    /////

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

at 678.  When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint either do not have facial plausibility

or are so vague that the complaint fails to state a claim upon which relief can be granted.

1  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must

2  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

3  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

4  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

5  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended

6  complaint.

7       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

9  Cassidy, 625 F.2d 227 (9th Cir. 1980).   Also, plaintiff's amended complaint must allege in

10 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

11 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

12 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

13 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

14 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15      To the extent plaintiff complains about harmful conditions of confinement, plaintiff is

16 informed that the Eighth Amendment's prohibition against cruel and unusual punishment imposes

17 on prison officials, among other things, a duty to "take reasonable measures to guarantee the

18 safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,

19 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison

20 official if that official exposes an inmate to a "substantial risk of serious harm," while displaying

21 at least "deliberate indifference" to that risk.  Id. at 834.

22      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

23 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24 complaint be complete in itself without reference to any prior pleading.  This is because, as a

25 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2 ) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 23, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rand0929.14

4