UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL DOUGLAS RANDALL, | No. 2:17-cv-0929 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO STATE PRISON-- FOLSOM, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. On January 14, 2018, the court recommended that this action be dismissed because plaintiff had failed to submit an amended complaint as the court directed him to do in an order dated June 23, 2017. Plaintiff then submitted an amended complaint on February 12, 2018. Good cause appearing, the court will vacate the recommendation that this action be dismissed and screen plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In the court's June 23, 2017 order dismissing plaintiff's complaint with leave to amend, plaintiff was informed and instructed as follows:

/////

1

> The court finds the allegations in plaintiff's complaint either do not have facial plausibility or are so vague that the complaint fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.
>
> If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
>
> To the extent plaintiff complains about harmful conditions of confinement, plaintiff is informed that the Eighth Amendment's prohibition against cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying at least "deliberate indifference" to that risk. Id. at 834.

In his amended complaint, plaintiff seeks one billion dollars for "unconstitutional," "hazardous," and "dangerous" living conditions. Plaintiff elaborates only by indicating his issues are with the food he is being provided and with attempted assaults.

As with plaintiff's original complaint, the allegations in plaintiff's amended complaint are so vague that it fails to state a claim upon which relief can be granted. The amended complaint must be dismissed, but the court will provide plaintiff one more opportunity to cure the defects in his pleadings. Plaintiff should review the instructions identified above as to the contents of his second amended complaint.

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

2

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's January 24, 2018 findings and recommendations are vacated;

2. Plaintiff's amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rand0929.14(2)

3