UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL DOUGLAS RANDALL,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO STATE PRISON--FOLSOM,<br><br>  Defendant. | No. 2:17-cv-0929 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On July 9, 2018, the court screened plaintiff's amended complaint, as the court is required to do under 28 U.S.C. § 1915(A), and dismissed with leave to amend. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In the court's June 23, 2017 order dismissing plaintiff's original complaint with leave to amend, plaintiff was informed and instructed as follows:

/////

1

The court finds the allegations in plaintiff's complaint either do not have facial plausibility or are so vague that the complaint fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff complains about harmful conditions of confinement, plaintiff is informed that the Eighth Amendment's prohibition against cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying at least "deliberate indifference" to that risk. Id. at 834.

In the court's July 9, 2018 order dismissing plaintiff's amended complaint with leave to amend, plaintiff was informed and instructed as follows:

In his amended complaint, plaintiff seeks one billion dollars for "unconstitutional," "hazardous," and "dangerous" living conditions. Plaintiff elaborates only by indicating his issues are with the food he is being provided and with attempted assaults.

As with plaintiff's original complaint, the allegations in plaintiff's amended complaint are so vague that it fails to state a claim upon which relief can be granted. The amended complaint must be dismissed, but the court will provide plaintiff one more opportunity to cure the defects in his pleadings. Plaintiff should review the instructions identified above as to the contents of his second amended complaint.

In the second amended complaint, plaintiff again challenges various aspects of his conditions of confinement including medical care, nutrition and the conduct of prison staff. For the third time, plaintiff's allegations fail to state a claim upon which relief can be granted. First, the only defendant named by plaintiff is California State Prison, Sacramento (CSP-Sac), but CSP-Sac is immune from suit under the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Second, while plaintiff asserts he has been damaged in various ways, he fails to attribute any injury to any specific act of any possible defendant.

In light of the foregoing, plaintiff's second amended complaint must be dismissed. Considering the instructions provided to plaintiff upon the dismissal of his original and first amended complaints, and that plaintiff has not been able to state an actionable claim either in his amended or second amended complaints by linking any injury suffered to the conduct of a prison official or employee, granting leave to file a third amended complaint appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rand0929.frs